IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS SAY TANG,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE<br><br><br><br>Case No. 2:07-CR-161 TS |

This matter is before the Court for consideration of Defendant's Motion in Limine,[1] wherein he seeks the exclusion of a "California Compassionate Use Act"[2] card (the "Card"), issued to the Defendant by the Oakland Cannabis Buyer's Cooperative pursuant to the California Compassionate Use Act. The Government filed an Opposition to this Motion.[3]

Defendant argues that the Card is irrelevant under Rule 402 of the Federal Rules of Evidence, or in the alternative that the Card should be excluded pursuant to Rule 403 because any probative value will be substantially outweighed by unfair prejudice to the Defendant.

---

[1]Docket No. 67.

[2]Ann. Cal. Health & Safety Code § 11362.5.

[3]Docket No. 74.

1

Defendant agrees that neither California law nor possession of the Card offers any defense against criminal prosecution. Defendant also argues that the Card will have a tendency to confuse the jury, and prejudice the jury against the Defendant, due to an inference that the Defendant is involved in the "marijuana culture,"[4] when the card only exempts personal, medical marijuana use by the holder. The Government responds that the card is probative of whether or not Defendant could smell and recognize marijuana, which in turn is relevant because the arresting officer will testify that the smell of marijuana was very strong near the passenger side window of the truck. The government also argues that the card shows that the Defendant was "familiar with and comfortable with the use, sale and purchase of marijuana."[5]   Rule 401 of the Federal Rules of Evidence defines as relevant any evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[6] All relevant evidence is admissible under Rule 402 unless otherwise excluded, such as by the provisions of Rule 403, which excludes any evidence for which the probative value is "substantially outweighed"[7] by the tendency of the evidence to, among other things, prejudice the jury or confuse the issues.

Based on the evidence presently before the Court, the Court finds that the Card is probative evidence of an element that the government must prove – that the Defendant knew that he was in possession of a controlled substance, specifically marijuana. The fact that the

---

[4]Def.'s Mot. in Limine [hereinafter *Motion*] at 5.

[5]Government's Mem. Opp. [hereinafter *Opposition*] at 5.

[6]Fed. R. Evid. 401.

[7]Fed. R. Evid. 403.

Defendant had been issued a card which enabled him to buy and possess marijuana under California law is relevant to Defendant's familiarity, knowledge and association with marijuana.[8] The Card thus meets the requirements of Rule 401.  The Court also finds that the probative value of the Card is substantially outweighed by the tendency of the Card to prejudice the jury and confuse the issues.

      Based upon the record before the Court at this time, it is therefore

      ORDERED that Defendant's Motion in Limine to Exclude Evidence of Defendant's California Health and Safety Code Sec. 11362.5 Card is GRANTED.  The Court will revisit the Motion during trial should the government provide more evidence regarding the probative nature of the evidence excluded by this Order.

      DATED   September 15, 2008.

                                              BY THE COURT:

                                              TED STEWART
                                              United States District Judge

---

[8] *Opposition* at 1.